ÁLBANY,
1825.

N. R. Steam-
Boat Company
v
Livingston.

</div>

## Supreme Court.

### PENNSYLVANIA, 1796.

*Respublica*
v.
*Michael Hevice, Frederick Gelvix & Catharine his Wife, Peter Gelvix, and Daniel Gelvix & Elizabeth his Wife.* } CONSPIRACY.

THE indictment stated, that Catharine Speis was an infant of thirteen years of age, (her father, Peter Speis, being dead, and Susannah her mother married to Casper Gregor,) and under the guardianship of Michael Smyser and Matthias Smyser, both as to person and estate ; and that the same Catharine was entitled to a large property under her father's will, to wit, £1000, and resided with the said Casper and Susannah, with the consent of her said guardians; and that the said defendants well knowing the premises, on the 11th August, 1795, did conspire together to deprive the said Casper and Susannah of the service of the said Catharine, and to seduce her from their house, and to inveigle her into a marriage with the said Michael Hevice, and under divers false pretences did seduce and inveigle the said Catharine for the purposes aforesaid, against the will of the said Casper and Susannah, and of the said Michael and Matthias, and in pursuance of the said conspiracy did ply the said Catharine with wine and other strong liquors, and she the said Catharine being intoxicated, did procure the ceremony of marriage

VOL. III.                    64

to be recited between the said Michael Hevice and Catharine Speis, to the great damage and disgrace of the said Catharine, to the evil example of all others in like case offending, and against the peace and dignity of the commonwealth, &c.

Catharine Speis was produced as a witness, on the part of the commonwealth, and was excepted to.

To prove her to be the wife of Michael Hevice, the defendants offered to the court the reverend Frederick Miltzheimer, who had performed the marriage ceremony between them. They also produced two writs of summons, issued by her guardians against Miltzheimer and Hevice, returnable to September term, 1795, each in debt for 50*l.* Hence it was inferred that the marriage was acknowledged by the girl's guardians, by suits being thus commenced under the act of assembly, for marrying her without their consent or her mother's. They cited Gib. Law. Evid. 252, 253. Husband and wife are no witnesses for or against each other. 2 Term. Rep. 263. A wife is no witness to criminate her husband.

The court declared their incompetency to determine whether there had been a real marriage between the parties. The indictment charges that the marriage ceremony was recited between them, the girl having previously been inveigled from her mother's house under divers false pretences, and in a state of intoxication. Whether Michael Hevice and Catharine Speis are husband and wife, under all the circumstances of the case, is the peculiar province of the jury, and forms a material part of the present issue. The court will not draw the matter in *aliud examen.* If the jury should be satisfied, on the whole of the evidence of the fairness and legality of the marriage, they will be directed to pay no regard to her testimony. In the present stage of the business, she must be considered as a competent witness; (1 Vent. 243.) and the clergyman cannot now be ex-

amined before the court to prove her incapacity. The
conduct of the guardians may be urged as expressive of their
sentiments, when they brought the two actions, but this will
not validate the marriage, if there was an absence of will on
the part of the girl, or unfair management in procuring her
presence at the ceremony.

It appeared, that after the supposed marriage, Michael
Hevice and Catharine Speis rode back to his farm with
another couple who were married the same day, where they
lay together that evening without any attempt to consum-
mate the marriage. On the next morning she feigned an
excuse to come to her step-father's, but could not be pre-
vailed on to return home with Hevice. She afterwards cau-
tiously avoided his company, when he came to the house,
and fled from him.

On the 30th September, 1795, upon a full hearing on a
*habeas corpus* returnable before M·Kean, C. J. and Shippen,
J. at York assizes, she was permitted to return to her step-
father's, and was told that Michael Hevice should not molest
her, or compel her to live with him.

It was then stated by the counsel on the part of the pro-
secution, that in the month of December following, Michael
Hevice, his brother and brother in-law, took the said Catha-
rine by force from her mother's house in the night time ;
that she resisted and escaped from them, but being overtaken,
she was tied on horseback and carried, against her will, half
undressed, to the said Michael's farm, from whence she was
conducted, with many threats, to a coal hut of the brother-
in-law in the mountains, at twenty miles distance, where she
was treated with great brutality, and in consequence whereof
her life was greatly endangered.

This evidence was opposed by the defendant's counsel,
who contended that the offence charged was a conspiracy,
and not a forcible carrying away the girl afterwards. This
latter offence might be the subject of another prosecution.

But the court admitted the evidence to go to the jury?
They said, that though the abduction of Catharine Speis
was not the point in issue, yet the conduct of Hevice on
that occasion threw considerable light on the former trans-
action. Moreover, it had been suggested that the girl was
fond of him, and married him with her full consent, and
was willing to return with him and live as his wife, if she
had not been restrained by her friends. The steps which
he took in the particulars attempted to be proved, evinced
the contrary thereof, and tended to show his sense of the
supposed marriage, and the absence of her will as to any
connection with him.

After a lengthy trial of five days, the jury convicted Mi-
chael Hevice, Frederick Gelvix and Catharine his wife, and
acquitted the other defendants of the conspiracy.

Messrs. Duncan, C. Smith, and Clark, *pro. repub.*

Messrs. Hamilton, Bowie, and O'Hartley, *pro. def.*